IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02462-WYD-MJW

GEORGE MAYERS,

    Plaintiff,

v.

FRANCIS J. HARVEY, SECRETARY OF THE ARMY,

    Defendant.

## ORDER

    THIS MATTER is before the Court on Defendant's Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).  The motion asserts that Plaintiff's Title VII claims are too vague to enable Defendant to respond meaningfully.  More specifically, while the complaint asserts that Defendant violated Title VII by failing to select Plaintiff for two positions, the complaint does not specify what those positions were or any information about such positions.  Further, it is argued that the complaint vaguely suggests that Defendant engaged in other unspecified retaliatory conduct to which Defendant is unable to respond.

    Plaintiff opposes the motion, stating that the factual basis for his complaint is reasonably well summarized in Exhibit A to his response to Defendant's motion.  That exhibit is a final agency decision dated September 7, 2005, that is referenced in the

complaint. Accordingly, Plaintiff states that the complaint is not so vague or ambiguous that Defendant cannot respond.

In reply, Defendant asserts that Plaintiff's argument lacks merit, as the complaint does not set forth or explain the factual basis for the claims, and does not state that the discrimination alleged in the September 2005 agency decision is the discrimination at issue in the case. Second, Defendant asserts that it is not unreasonable for it to request that Plaintiff file a more definite statement of his claims since Plaintiff has filed multiple EEO complaints with the Army and Defendant is placed in the position of having to guess at which of these complaints forms the basis of the factual allegations in this case.

Turning to my analysis, the Tenth Circuit has stated that "[t]he insufficiency of notice pleading is ameliorated by the availability of the motion for a more definite statement under Fed.R.Civ.P. 12(e). . . . " *U.S. v. $39,000 In Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir. 1986). A party can move for a more definite statement if it "cannot formulate a responsive pleading because the factual allegations are too sparse." *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also New Home Appliance Center, Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957) ("[i]f a party needs more facts, it has a right to call for them under Rule 12(e) . . . ").

In the case at hand, I find that Defendant's Motion for a More Definite Statement should be granted. While Plaintiff has referred the Court to the September 7, 2005 agency decision referenced in the complaint, that decision was not attached to the complaint nor does the complaint state that the discrimination and retaliation at issue is

that which is summarized in the agency decision.  While Plaintiff asserts in his response to Defendant's motion that the factual basis for his complaint is "reasonably well summarized" in that exhibit, this leaves open the fact that the basis of Plaintiff's claim may be broader than that discussed in the agency decision.  Further, since Defendant asserts that Plaintiff has filed numerous prior EEO complaints of discrimination and/or retaliation, I agree with Defendant that he is improperly left to speculate what other discrimination may be at issue that is not specifically alleged in the complaint.  Accordingly, it is

ORDERED that Defendant's Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) filed April 4, 2006, is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint setting forth specific factual allegations that support his claims within twenty (20) days of this Order, or by **Monday, May 8, 2006**.  It is

FURTHER ORDERED that Defendant shall file an answer or other responsive pleading to the amended complaint within the time allowed by the Federal Rules.

Dated:  April 18, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge