# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02462-WYD-MJW

GEORGE MAYERS,

     Plaintiff,

v.

FRANCIS J. HARVEY, Secretary, Department of the Army,

     Defendant.

---

## PROTECTIVE ORDER

---

Pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1.    This Protective Order permits Defendant to disclose documents, materials, and information to Plaintiff that Plaintiff seeks through discovery, without requiring Defendant to pre-screen each document, material, or information for privacy objections and present those objections to this Court for a decision regarding disclosure. However, this Protective Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure.

2.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that contain information that is covered by the Privacy Act, 5 U.S.C. § 552a.

3.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

4.     Under this Protective Order, documents, materials, and/or information containing information that is covered by the Privacy Act, 5 U.S.C. § 552a, shall be marked "CONFIDENTIAL."  Information designated "CONFIDENTIAL" (hereinafter "Confidential Information") shall be information that is confidential and implicates common law and statutory privacy interests of current or former Department of Army employees.  *See, e.g.*, the Privacy Act, 5 U.S.C. § 552a, *et seq*. (concerning disclosure of personally identifiable information).  Confidential Information shall not be disclosed or used for any purpose, except for the preparation and trial of this case.  Documents produced in response to releases provided by the Plaintiff shall not be required to be marked "Confidential."

5.     When Confidential Information is produced or otherwise disclosed by a party, it will be designated in the following manner:

2

    a.    By imprinting the word "CONFIDENTIAL" on the first page of any document or group of documents produced;

    b.    By imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL."

6.    All  Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless the recipient agrees to abide by the terms of the Protective Order and sign a statement to that effect.

7.    Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.     Confidential Information shall not, without the written consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to the following persons:

      a.     attorneys or *pro se* parties actively working on this case;

      b.     persons regularly employed or associated with the attorneys or *pro se* parties actively working on the case whose assistance is required by such in the preparation for trial, at trial, or at other proceedings in this case;

      c.     the parties, including designated representatives for Defendant;

      d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e.     the Court and its employees ("Court Personnel");

      f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.     deponents, witnesses, or potential witnesses; and

      h.     other persons by written agreement of the parties.

9.     Individuals authorized to review Confidential Information pursuant to this Protective Order also shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

10.     Any counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain a signed

statement by the qualified recipients of Confidential Information.

11.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation.  Such copies shall be made and used solely for purposes of this litigation.  During this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom.

12.     A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If, after such good faith attempt, counsel are unable to resolve their dispute within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

13.     If Confidential Information is used in any court filing or proceeding in this

action, including but not limited to its use at trial, it shall not lose its confidential status.

Confidential Information and pleadings or briefs quoting or discussing Confidential

Information will not be accepted for filing "under seal" or otherwise kept out of the

public record in this action except by court order issued upon motion of the party seeking

to file the documents under seal.  Any motion requesting leave to file documents under

seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and

demonstrate that the Confidential Information at issue is entitled to protection under the

standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602

(1978), as applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and

*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

To the extent that a party attempts to introduce or otherwise utilize Confidential

Information at trial, the moving party shall first attempt to redact all portions of the

document that make it Confidential Information.  If such redaction is not possible, then

the moving party must seek an order from the Court during trial to authorize the use of

the Confidential Information for a proper purpose under the Federal Rules of Evidence.

The parties agree that neither party waives any right to object to the use or admissibility

of any Confidential Information at trial.

14.     The inadvertent or unintentional disclosure of any confidential information

shall not be construed to be a waiver in whole or in part of the party's claims of

6

confidentiality, either as to the specific confidential information disclosed or as to other related information.

15.     Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing  party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall destroy such information, the party to whom the Confidential Information is returned to shall be responsible for maintaining such files until final action in this matter has occurred, including any and all appeals, up to seven years thereafter.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until the case is terminated.  (MJW 6/13/06)

16.     By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced.

17.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall be treated at trial.

18.     This Protective Order may be modified by the Court at any time for good cause showing following notice to all parties and an opportunity for them to be heard.

Dated this 13th Day of June, 2006.

      BY THE COURT:

      s/ Michael J. Watanabe
      MICHAEL J. WATANABE
      United States Magistrate Judge

Consented to and submitted by:

      WILLIAM J. LEONE
      United States Attorney

**s/ *Andrew T. Brake***
Andrew T. Brake
777 E. Girard Ave., Suite 200
Englewood, Colorado 80113-2767
Telephone: (303) 806-9000
E-mail: a.brake@att.net

Attorney for Plaintiff

**s/ *Amanda Rocque***
Amanda Rocque
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: amanda.rocque@usdoj.gov

Attorneys for Defendant